CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 26 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK J. KONSAVICH, ) | |
|     Petitioner, ) | Civil Action No. 7:06-cv-00239 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

The petitioner, Mark J. Konsavich, brings this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The petitioner alleges that his attorney provided ineffective assistance at sentencing, and that his sentence was improperly enhanced on the basis of facts that were not found by a jury. Upon review of the motion and the records in the petitioner's criminal case, the court concludes that the motion must be dismissed without prejudice because the petitioner's direct appeal is still pending.

### Background

On January 19, 2006, a jury in the Western District of Virginia found the petitioner guilty of conspiring to manufacture and distribute fifty grams or more of a mixture containing methamphetamine. On April 17, 2006, the court sentenced the petitioner to a term of imprisonment of 235 months, followed by a five-year term of supervised release. The petitioner's judgment of conviction was entered on April 19, 2006. On April 21, 2006, the petitioner filed a notice of appeal. The United States Court of Appeals for the Fourth Circuit has appointed counsel to represent the petitioner on appeal.

### Discussion

It is well established that, absent extraordinary circumstances, a federal district court should not consider a § 2255 motion while a petitioner's direct appeal is pending. See Bowen v. Johnson,

306 U.S. 19, 26-27 (1939); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981); United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968); United States v. Tanner, 43 Fed. Appx. 724, 725 (4th Cir. 2002) (unpublished). In this case, the petitioner fails to present any circumstances compelling the court to address his § 2255 motion during the pendency of his direct appeal. Therefore, the § 2255 motion is premature and must be dismissed without prejudice.[*]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 26th day of April, 2006.

_____
United States District Judge

---

[*]The court notes that the dismissal of the petitioner's motion without prejudice as premature will not prevent him from filing a second § 2255 motion, if his direct appeal is unsuccessful. See Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003); United States v. Gardner, 132 Fed. Appx. 467, 468 (4th Cir. 2005) (unpublished).